FILED
SUPERIOR COURT
OF GUAM

2021 JUL -9 PM 4: 07

CLERK OF COURT

By: _____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, | Criminal Case No. CF0025-19 |
| vs. | |
| BENJAMIN WEGER FERRER, JR., DOB: 04/16/1995 | **DECISION AND ORDER** (People's Motion to Revoke Probation) |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on April 13, 2021. Assistant Attorney General Katherine Nepton represented the People of Guam ("the People"). Attorney Douglas Moylan represented Defendant Benjamin Weger Ferrer, Jr. ("Defendant"). Having considered the arguments and the applicable law, the Court hereby **GRANTS** the People's Motion to Revoke Probation.

## BACKGROUND

On August 6, 2019, Defendant came before the Court and entered a plea of guilty to the crime of Theft (As a Third Degree Felony), as a lesser-included offense of Theft by Receiving (As a Second Degree Felony), and Unauthorized Use of a Motor Vehicle (As a Misdemeanor) on Information. Pursuant to the plea agreement, Defendant was to serve a total of six years incarceration, all suspended, and with credit for time served. The plea agreement also placed

the Defendant under probation for a period of three (3) years and contemplated that the Defendant pay a fine of one thousand dollars ($1,000.00); perform two-hundred (200) hours of community service; and obey all local and federal laws, among other conditions. The Defendant's probationary term is set to expire on August 6, 2022.

There are a total of four violations filed in this matter. The First Violation Report filed on September 6, 2019 indicated that not only did the Defendant fail to report to intake and processing at the Probation Office, but he also violated house arrest. Although Defendant was placed on house arrest for six months upon release from prison, he was not home when a home visit was conducted at his last known address on September 6, 2019. The Court issued a Warrant of Arrest for the Defendant on September 25, 2019, and he was committed to the Department of Corrections on January 13, 2020.

The Second Violation Report filed on January 14, 2020 indicated that the Defendant failed to obey all local and federal laws after Defendant was charged with Child Abuse, Criminal Trespass, Unauthorized Use of a Motor Vehicle and Eluding a Police Officer in CF0022-20 on January 11, 2020. On February 27, 2020, Defendant plead guilty to Child Abuse (As a Misdemeanor) and Unauthorized Use of a Motor Vehicle (As a Misdemeanor) and was sentenced to two years of imprisonment at the Department of Corrections, all but sixty days suspended. On April 13, 2020, Defendant filed an *Ex Parte* Motion for Release, and on April 28, 2020, Defendant was released on house arrest.

The Third Violation Report filed on April 29, 2020 indicated that Probation conducted a home visit the day after Defendant was released from the Department of Corrections, and that Defendant was not present at the home in violation of his house arrest. Defendant also failed to contact the Probation Office since his release. The Court issued a Warrant of Arrest for the Defendant on April 29, 2020.

On September 14, 2020, Probation filed a Fourth Violation Report, which indicated that the Defendant failed to obey all local laws. Defendant was charged with Eluding a Police Officer (As a Misdemeanor) and Reckless Driving (As a Petty Misdemeanor) in CM0394-20 on September 12, 2020. On September 12, 2020, Defendant was committed to the Department of Corrections in relation to the instant case.

The People filed a Motion to Revoke Probation on December 17, 2020. The Defendant, through his counsel, filed a Response to Motion to Revoke Probation on December 30, 2020. A hearing was held on April 13, 2021, after which this court took the matter under advisement.

### DISCUSSION

Probation is not a right to which a defendant is entitled, but rather a favor granted by the state. *People v. Camacho,* 2009 Guam 6 ¶ 26. If a court determines that an offender inexcusable fails to comply with a substantial requirement imposed as a condition of probation, it may revoke probation if it finds revocation will best satisfy the ends of justice and the best interests of the public. *See* 9 G.C.A. § 80.66. The revocation process requires two steps. *Camacho* ¶ 26. First, the court must make a factual determination that a defendant violated a condition of probation; and second, if a violation is proven, the court must then determine whether revocation is warranted. *Id.* If the court revokes probation, it may impose any sentence that might have been imposed originally for the crimes of which the offender was convicted. *See* 9 G.C.A § 80.66(b).

Here, it is uncontested that the Defendant violated his probation by failing to report to probation for intake and assessment, failing to follow house arrest, failing to obey all local

laws[1], and failing to follow all court orders. The four violations filed in this case over the past two years, Defendant's failure to check in with probation as mandated by his plea agreement, and his violations of house arrest on multiple occasions show that Defendant is not a good candidate for probation. While the Defendant has been charged with additional crimes, the Court declines to address these new charges and will allow those charges to be addressed in each respective criminal case.

In the Response to the People's Motion to Revoke Probation, defense counsel asked the Court for leniency in recognition of the Defendant's drug problem and need for treatment. Defense counsel argues that Defendant took responsibility for his actions, is not a violent offender, and has five children who rely on him. Defense counsel suggested that the Court might consider affording the Defendant a chance to complete a drug rehabilitation program, in return for a lesser amount of prison time. While the court recognizes the challenges faced by an individual struggling with addiction, the Court has already provided the Defendant a chance to prove that he can responsibly comply with his release conditions, but the Defendant has failed to do so. Because of Defendant's refusal to follow probationary conditions and his repeated disregard for the Court's orders, the Court concludes that Defendant will not benefit from probation, let alone any treatment programs offered in conjunction with probation. Based on these facts, the Court concludes that revocation will best satisfy the ends of justice and the best interests of the public, and that Defendant should be sentenced to six years incarceration as contemplated by the original plea agreement.

---

[1] Defendant plead guilty to Child Abuse (As a Misdemeanor) and Unauthorized Use of a Motor Vehicle (As a Misdemeanor) in CF0022-20 on February 27, 2020.

## CONCLUSION

For the above reasons, the Court **GRANTS** the People's Motion for Revocation. The Defendant is hereby sentenced to serve six years incarceration at the Department of Corrections in Mangilao pursuant to the plea agreement, with credit for time served.

**IT IS SO ORDERED**  _____JUL 0 9 2021___ .

_____
**HONORABLE ARTHUR R. BARCINAS**
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
A-G, D-Moylan

Date: 7/9/21  Time: 5:04pm
Antonio A. Cruz
Deputy Clerk, Superior Court of Guam